[Crim. No. 2788.   First Dist., Div. Two.   Mar. 21, 1952.]

THE PEOPLE, Respondent, v. PAUL MITCHELL, Appellant.

Paul Mitchell, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Clarence A. Linn, Deputy Attorney General, for Respondent.

DOOLING, J.—On January 6, 1950, defendant pleaded guilty to a violation of Penal Code, section 288. Thereafter in a proceeding initiated by him for that purpose he was determined by the court to be a sexual psychopath, sentence was suspended and on February 24, 1950, he was ordered committed to the State Hospital at Talmadge. On August 1, 1951, defendant submitted a written motion to the superior court in which he alleged "that he is now fully recovered and completely cured of his former mental illness" and moved the court "to set a date for trial by jury on the question of defendant's sanity." This motion was denied and from the order of denial defendant has appealed.

The procedure for committing and releasing a sexual psychopath is found in division 6, part 1, chapter 4 of the Welfare and Institutions Code, sections 5500-5518. In the provisions governing such commitments is found section 5512.5 reading: "Persons found by the court to be sexual psychopaths under this chapter shall have the same rights to jury trial as provided in this code for persons mentally ill or insane." Such persons are given a right to jury trial if within five days after commitment demand is made for a jury trial. (Welf. & Inst. Code, § 5125.) No such demand was made in this case and appellant does not rely on this section.

Instead he argues that he is entitled to a trial under Penal Code, section 1026a, which provides in effect that after being confined for not less than one year a person adjudicated insane upon his successful plea of "not guilty by reason of insanity," and thereafter committed to a state hospital for the criminal insane, may make an application for his release "upon the ground that his sanity has been restored," whereupon the court must hold a hearing to determine that question.

This section is obviously not applicable to a person charged with or convicted of a crime who has thereafter been ordered committed as a sexual psychopath. Sections 5517-5518, Welfare and Institutions Code, provide a specific method for determining the question of a sexual psychopath's recovery. The proceedings are initiated by certification of the superintendent as provided in section 5517 and only after such certification is the court authorized to take further proceedings. These provisions are specific and evidently intended to be exclusive in the case of persons adjudged sexual psychopaths.

There is neither allegation nor showing that the superintendent has issued the certificate provided for in section

5517 or has been asked to do so. In the absence of this certification by the superintendent there is no predicate for the trial provided for in sections 5517-5518. We need not speculate as to appellant's remedy in a case where the superintendent wrongfully refuses to issue such certificate since the record does not present that question.

The order appealed from is affirmed.

Nourse, P. J., and Goodell, J., concurred.